# PRACTICE REPORTS.

## SUPREME COURT.

In the matter of GEORGE E. PRATT and others, applicants for admission as *attorneys and counsellors*.

Under our former system, which required a fixed and extended time of clerkship, in the office of a practicing attorney, to entitle the applicant to an *examination*, as an attorney or counsellor at law, an examination might have been waived or relaxed, or been rendered mere matter of form, with far more safety and propriety, than under the present system, which furnishes no safeguard to either courts or community, *except the examination* of the candidate.

So long as the laws prescribe qualifications for attorneys and counsellors, and require that those only who possess "the requisite qualifications of learning and ability," shall be entitled to admission; and so long as special licenses to practice are granted, the *examination* prescribed should be *full, complete* and *thorough*, and applicants *rigidly admitted*.

It is a *delusion* to suppose that the modern system of practice can be acquired without study, or mastered without training. It is so intimately interwoven upon the old, that the successful practitioner must now understand the old system before he can practice the new, even in a single protracted litigation.

The requisite education, and course of study of applicants, pointed out.

All experience has proved, that nothing short of a term of thorough study and training, and that too *in the office of a practicing attorney*, will ever make a lawyer.

An attorney at law stands in a most interesting and responsible relation to society, and has no apology for *ignorance*.

*Sixth District, July Term,* 1856.

*Present,* SHANKLAND, GRAY, MASON and BALCOM, *Justices.*

THE undersigned, appointed by the court to examine and report upon the qualifications of the several applicants for admission to practice as attorneys and counsellors of this court,

VOL. XIII.                    1

In the Matter of Pratt and others, &c.

respectfully report—That they have made such examination; and that, upon full consideration, they recommend, of the class examined, the admission of George E. Pratt only.

The duties of an examiner in such cases, at all times delicate and responsible, become painful when, in their discharge, they are required to declare that candidates who have applied for admission are not qualified; and the undersigned have deemed it proper to state to the court the general reasons which have influenced their conclusions.

The former system, which required a fixed and extended time of clerkship in the office of a practicing attorney, to entitle the applicant to an examination, furnished high evidence that he had at least enjoyed abundant opportunities for attaining the requisite qualifications. Under this provision an examination might have been waived or relaxed, or been rendered mere matter of form, with far more safety and propriety than under the present system, which furnishes no safeguard to either courts or community, except the examination of the candidate. So long as the laws prescribe qualifications for attorneys and counsellors, and require that those only who possess "the requisite qualifications of learning and ability" (*Constitution of* 1846, *Art.* 6, § 8,) shall be entitled to admission; and so long as special licenses to practice are granted, in the opinion of the undersigned, the examination prescribed should be full, complete and thorough, and applicants be rigidly admitted. And whenever this examination shall be frittered away, until it becomes an idle and mischievous ceremony, it will be far better to dispense with the whole system of admissions and licenses, and advise the public that the courts are no longer responsible for the qualifications or integrity of those who are entrusted with their process, and practice as attorneys and advocates.

It is a delusive idea to suppose that the modern system of practice can be acquired without study, or mastered without training; though in many respects more simple and less cumbrous than the former system, whatever may be its excellences or its defects, the new system has been so intimately interwoven

In the Matter of Pratt and others, &c.

upon the old, that the successful practitioner must now understand the old system, before he can practice the new, even in a single protracted litigation.

The legal student need not expect that he can become qualified for admission to practice by a few months casual and superficial reading. No one can profitably enter upon a course of legal studies, until he has at least a well-grounded English education; and his mind is well stored with general knowledge and information. He must follow his course of professional reading with system, patience and perseverance: when he has mastered Blackstone, Cruise, Kent, Sugden, Comyn, Chitty, Starkey, Greenleaf, Story, and other elementary works, ancient and modern, and made himself familiar with the leading provisions of the Revised Statutes, he will have reached a point where he may begin to peruse the Code with advantage, and contemplate the decisions of the courts with a just appreciation of their conclusions.

The undersigned are by no means unmindful or ignorant of the labor the course recommended imposes upon the candidate for legal honors; but they deem it as well due to the applicant for admission as to the public, that it should be adopted and rigidly enforced; nor especially are they unmindful of the interests of those who, without pecuniary means or adventitious aids, are struggling to procure an education and admission to the bar. They have seen and felt the obstacles which those thus situated must surmount to attain the object of their wishes, and would place no impediments in their pathway. But all experience has proved, that nothing short of a term of thorough study and training, and that too in the office of a practicing attorney, will ever make a lawyer. As well might the surgeon become qualified to practice his profession away from the subject, the mechanic to acquire his art by the abstract study of his trade, or the chemist away from his laboratory, as the legal student to become qualified to practice by merely reading, without practical office education. Sir EDWARD COKE truly said of the profession, that "the study was abstruse and difficult, the occasion sudden, the practice dangerous."

In the Matter of Pratt and others, &c.

Many members of the bar, under a system requiring a long and fixed time of study, when courts were more inaccessible than they now are, the expenses of admission much greater, and facilities less, have illustrated the truth, that even with no other advantages, industry, economy and perseverance will finally reward the efforts of those who sternly practice these sterling and cardinal virtues.

An attorney at law stands in a most interesting and responsible relation to society, and has no apology for ignorance. The last and dearest interests of individuals in every walk of life are daily confided to his keeping. The life, liberty, character and material interests of clients depend constantly upon his integrity and skill. His license is evidence that the courts regard him as competent to discharge his duties by reason of approved integrity and learning, and the generous confidence which society has at all times extended to the profession, demands that those only possessing these qualifications should, under any circumstances, be admttted to practice as attorneys and counsellors of this court.

DANIEL S. DICKINSON,
SAMUEL GORDON,
HENRY R. MYGATT,
*Committee.*

*Dated July 9th, 1856.*

By the court—SHANKLAND, Presiding Justice. The court approve of the report of the examining committee; and of the sentiments therein contained, in respect to the qualifications which should be required of candidates for admission as attorneys and counsellors of this court.

Mr. Pratt is therefore admitted, and the other candidates rejected, in accordance with the recommendations of the examining committee.*

* NOTE.—This case was furnished by Henry R. Mygatt, Esq., of Oxford, N. Y., one of the examiners, who stated that he was requested by each of the justices of the sixth district to forward it for publication in this work. REPORTER.